Fernando DeLeon **DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–02–01094–CR to 01–02–01097–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 18, 2003.

Floyd W. Freed, III, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Amanda J. Peters, Assistant District Attorney, Houston, for appellee.

Panel consists of Justices TAFT, NUCHIA, and KEYES.

## OPINION

SAM NUCHIA, Justice.

Appellant, Fernando DeLeon Diaz, was indicted for aggravated sexual assault of a child and indecency with a child. The complainant was his daughter, J.D. Appellant was also indicted for two counts of aggravated sexual assault of a child in which the complainant was his son, V.D. A jury found appellant guilty and sentenced him to 75 years' confinement for each of the aggravated sexual assault charges and 20 years' confinement on the indecency with a child charge. Appellant, in four points of error, contends that the trial court committed reversible error. We affirm.

## BACKGROUND

In August of 2001, Janette Casarez was watching a television show on the Discovery Channel about child sexual abuse with J.D., her six-year-old daughter, and two of her other children. J.D seemed uncomfortable watching the show and wanted to go to her room. Casarez went with J.D. to her room and started questioning her about why she left the room and what was wrong. Casarez testified that J.D. just stayed quiet, looked at her, and said her dad's name. Casarez testified that she spoke with J.D. for two hours, finding that appellant had engaged in oral sex with J.D. and had also attempted to engage in anal sex as well. The following morning, Casarez picked up V.D., her seven-year-old son, from appellant's house. Casarez spoke to V.D. about what had happened to J.D., and V.D. informed her that appellant had sexually assaulted him as well.

Appellant and Casarez had stopped living together in 1996. They had an agreement whereby appellant had contact with all of their four children, usually through allowing the boys to stay with appellant and the girls with Casarez, then allowing appellant to have all the children reside with him for a period. Casarez testified that all of the children resided with appellant for some time in 1997 and in 1998. V.D. and his brother were living with appellant at appellant's mother's house in August 2001. J.D. was living with Casarez at that time.

Appellant's mother testified that J.D. and V.D. did not tell her about the abuse even though she felt that they were close enough to her to confide in her. Appellant's brother also testified that he lived in the house at the same time as the children and he was not aware of any abuse taking place. However, both appellant's mother and appellant's brother admitted that there were times when appellant was alone with the children.

## DISCUSSION

Appellant contends, in his four points of error, that (1) the trial court erred in permitting the State to consolidate and join the offenses and denying appellant's motion to sever, (2) the trial court erred by

admitting outcry testimony without having a preliminary hearing to determine its reliability, (3) the evidence at trial was legally insufficient to sustain appellant's conviction beyond a reasonable doubt, and (4) the evidence at trial was factually insufficient to sustain appellant's conviction beyond a reasonable doubt.

### Consolidation and Joinder of Offenses

■ The State filed a motion to consolidate and join the offenses. In response to this motion, appellant filed a motion to sever. The trial court held a hearing on the motions during which no evidence was presented, denied appellant's motion to sever, and found that appellant would not be prejudiced by the joinder of the offenses. Appellant contends, in his first point of error, that there was no evidence that he was not prejudiced by the joinder of the charges and that prejudice should have been presumed based on the charges.[1]

Appellant was charged, in separate indictments, with three counts of aggravated sexual assault of a child and one count of indecency with a child. The joinder rules of the Penal Code allow the State to prosecute all offenses arising out of the same criminal episode in a single trial. *See* TEX. PEN.CODE ANN. § 3.02(a) (Vernon 2003). One definition of "criminal episode," as given in the Code, is "the commission of two or more offenses [when] ... the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01 (Vernon 2003). Under Penal Code section 3.04(c), the right to severance does not apply to a prosecution for offenses described under section 3.03(b)(2), which would include aggravated sexual assault of a child, unless the court determines that the defendant or the State would be un-

fairly prejudiced by a joinder of offenses. *Id.* § 3.04(c) (Vernon 2003).

The offenses in the present case were similar in nature. Appellant committed the same sexual acts, namely, placing his sexual organ inside the mouths of both V.D. and J.D., touching V.D.'s anus with his sexual organ, and touching J.D.'s anus through her clothing. Casarez testified that V.D. and J.D. had both stated that this abuse occurred numerous times and mentioned February 1999, Christmas 1999, and February 2000 as periods when the abuse occurred.

These factors indicate that the aggravated sexual assault offenses with which appellant was charged were the repeated commission of acts similar in nature. Therefore, these acts constitute a criminal episode and were properly joined. The charge of indecency with a child was similar to the offenses of aggravated sexual assault, arose out of the same criminal episode as the aggravated sexual assaults, and thus was also properly joined. We overrule appellant's first point of error.

### Outcry Witness

■ Appellant, in his second point of error, contends that the trial court erred in admitting outcry testimony without holding a preliminary hearing to determine the reliability of the testimony pursuant to article 38.072. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2) (Vernon 2003).

Initially, the State sought to introduce the testimony of two outcry witnesses, Casarez and Jill Smith, an employee at the Children's Assessment Center. Casarez was called as the outcry witness during trial.

---

1. Appellant cites no authority for the proposition that prejudice should be presumed based on the nature of the charges.

While appellant did request a hearing pursuant to article 38.072, section (2)(b)(2) of the Texas Code of Criminal Procedure, the record does not indicate whether such a hearing was ever held. If the hearing was not held, appellant did not object to the trial court's denial of that hearing. *See* Tex.R.App. P. 33.1(a). Appellant failed to preserve the error complained of on appeal. We overrule appellant's second point of error.

### Legal and Factual Sufficiency

In his third and fourth points of error, appellant contends that the evidence was legally and factually insufficient to convict him of aggravated assault and indecency with a child as these charges related to J.D. Appellant asserts that, because J.D. did not testify as to the elements of the offense, there was no physical evidence, and the outcry statement was only a general allegation of sexual abuse, the evidence is legally and factually insufficient to support his conviction.

#### Standard of Review

■ The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

■ When reviewing factual sufficiency, we review all the evidence, both favorable and unfavorable, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App.2000). Under the factual sufficiency standard, we ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Id.* (quoting from *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000)). Accordingly, we will reverse the fact finder's determination only if "a manifest injustice has occurred." *King*, 29 S.W.3d at 563 (quoting from *Johnson*, 23 S.W.3d at 12).

#### Application to the Facts

■ Casarez testified that J.D. acted strangely after watching a show on child sexual abuse, wanting to go to her room and crying. Casarez testified that when she pressed J.D. on what was wrong, J.D just said appellant's name. Casarez testified that she was able to ascertain more information about the abuse, finding out that appellant had forced J.D. to open her mouth and to let him place his "private part" inside her mouth as well as touching J.D.'s anus. Further, J.D. testified that appellant did something to her body that he was not supposed to and pointed to the feet, mouth, and behind of the doll when asked where appellant had done something to her. Although J.D did not testify directly as to the specifics of what appellant did to her, Casarez's testimony as outcry witness did attest to what J.D. told her had happened. A child victim's outcry statement alone can be sufficient to support a conviction for aggravated sexual assault. *Kimberlin v. State*, 877 S.W.2d 828, 831 (Tex.App.-Fort Worth 1994, pet. ref'd) (citing *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex.Crim.App.1991)).

Appellant did present evidence consistent with the fact that he did not commit the crime, namely the testimony of his mother and brother that they were unaware of the abuse and that the children did not report the abuse to them. However, the jury, as the trier of fact, was the

sole judge of the credibility of the witnesses and was free to accept or reject all or part of the witnesses' testimony. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim. App.1996).

We conclude that the evidence was sufficient for a rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. The evidence is not so weak as to be manifestly unjust or against the great weight and preponderance of the available evidence. We overrule appellant's third and fourth points of error.

## CONCLUSION

We affirm the judgments of the trial court.