NO. 07-07-0130-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-07-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 29, 2008
______________________________

PAUL CLATT, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY;

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NOS. F-2006-1630-A, F-2006-1631-A; HON. CARMEN 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â RIVERA-WORLEY, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Paul Clatt appeals his two convictions for possessing, with intent to deliver,
controlled substances, namely, cocaine and methamphetamine. Three issues are before
us. The first two relate to the trial courtâs order overruling his motions to suppress
evidence. The third involves the claim of ineffective assistance of counsel. We affirm the
judgments. 
Â Â Â Â Â Â Â Â Â Â Issues One and Two
Â Â Â Â Â Â Â Â Â Â As previously mentioned, appellant moved to suppress the admission into evidence
of his statements and of the contraband found after his initial stop and later arrest. The
trial court denied the motions. According to appellant, that decision was wrong. We
overrule the issues.
Â Â Â Â Â Â Â Â Â Â The standard of review is well settled, and we cite the parties to Ford v. State, 158
S.W.3d 488 (Tex. Crim. App. 2005) and State v. Ross, 32 S.W.3d 853 (Tex. Crim. App.
2000) for its description. Furthermore, the trial court had before it evidence of 1)
appellantâs driving a vehicle at night with a non-functioning rear license plate light, 2)
appellantâs nervousness, 3) appellantâs hesitancy to inform the detaining officer of the
locale from which he and his passengers had departed, the person they supposedly had
visited for several days in Dallas, and the nature of his criminal record, 4) a passengerâs
inability to recall the name of the person with whom they supposedly stayed, 5) a
passengerâs statement that they had been in Dallas for only hours as opposed to days, 6)
appellantâs attempts to distract the officer as the latter attempted to speak with the
passengers, 7) appellantâs presence on I-35, which the officer knew to be a drug corridor,
8) appellantâs residence being in Iowa, 9) appellantâs statement that he had a knife in his
pocket, 10) appellantâs failure to completely empty his pockets after disclosing the
presence of the knife and being asked to do so by the trooper, 11) the discovery, during
a pat down, of an item remaining in appellantâs pocket and its likeness to contraband, 12)
appellantâs refusal to put his hands behind his back after the officer discovered the item
remaining in appellantâs pocket, 13) appellantâs resistance and effort to grab the trooperâs
flashlight after the trooper attempted to âgrabâ appellantâs arm, 14) appellantâs flight from
the scene, and 15) the absence of any other officers to assist or protect the trooper until
after appellant took flight. These circumstances provide basis upon which the trial court
could have reasonably concluded that the trooper not only had probable cause to stop
appellant but also reasonable suspicion of a crime being afoot to continue the detention
for the few short minutes that lapsed and to justify a pat down for officer safety.
Â Â Â Â Â Â Â Â Â Â Indeed, we have held that as part of a traffic stop, an officer may require the
detainee to identify himself, produce a valid driverâs license and proof of insurance, detain
the individual for a period of time reasonably sufficient to check for outstanding warrants,
question the individual about his destination and the purpose of the trip, and request him
to step out of the vehicle. Strauss v. State, 121 S.W.3d 486, 491 (Tex. App.âAmarillo
2003, pet. refâd). And, though the trooper initially told appellant he would receive a warning
for having a defective license plate light, there is no indication in the record that the officer
had written the warning by the time he began encountering hesitancy and evasiveness on
the part of appellant or discovering the conflicts within the stories being uttered.


 And,
once the officer felt the item in appellantâs pocket and, based on his experience with how
some package drugs, he was not obligated to ignore it. Wilson v. State, 132 S.W.3d 695,
700 (Tex. App.âAmarillo 2004, pet. refâd). 
Â Â Â Â Â Â Â Â Â Â Issue Three
Â Â Â Â Â Â Â Â Â Â Appellant next argues that he was afforded ineffective assistance of counsel since
the latter purportedly waived all complaints regarding the trial courtâs denial of the motions
to suppress. This purported waiver occurred when counsel stated that he had no objection
to the admission of the evidence in question at trial. Having held that the trial court did not
err in denying the motions, the claim of ineffective assistance is moot. Simply put, if the
trial court acted correctly, it matters not whether the complaint was preserved. Thus, we
overrule the issue.
Â Â Â Â Â Â Â Â Â Â Accordingly, the judgments are affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice 
Â 
Do not publish. 



emiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-09-00026-CR, 07-09-00027-CR, 07-09-00028-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



MAY
13, 2010

Â 



Â 

RODOLFO R. SOSA, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 427TH DISTRICT COURT OF TRAVIS
COUNTY;

Â 

NOS. D-1-DC-06-100022, D-1-DC-06-300403, D-1-DC-XX-XXXXXXX

Â 

HONORABLE JON N. WISSER, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant, Rodolfo Sosa, appeals
Judgments of Conviction by Jury that found appellant guilty of five counts of
indecency with a child by contact[1]
and one count of indecency with a child by exposure.[2]Â  The trial court then sentenced appellant to
ten years incarceration in the Institutional Division of the Texas Department
of Criminal Justice.Â  By
one issue, appellant appeals.Â  We
affirm.

Background

Â Â Â Â Â Â Â Â Â Â Â  Appellant
was accused of indecency with a child based on conduct involving three boys
ranging in age from eleven to thirteen.Â 
Appellant came into contact with these boys through his employment as a
maintenance man at various apartment complexes and as a minister of a
church.Â  

Â Â Â Â Â Â Â Â Â Â Â  One
of these boys, C.G., became friends with appellant after meeting him at
church.Â  C.G. described an incident in
which appellant came up behind C.G. and hugged him while whispering into C.G.Âs
ear that he loved him.Â  C.G. indicated
that he could feel appellantÂs penis on his buttocks and that he could tell
appellant was aroused.Â  On two separate
occasions, appellant rubbed C.G.Âs upper thigh, near C.G.Âs crotch.Â  C.G. also described an incident in which
appellant took C.G. to an empty apartment, pulled down C.G.Âs pants, touched
C.G.Âs genitals and buttocks, and masturbated in front of C.G.Â  Following this, appellant then put C.G.Âs penis
in his mouth and, despite C.G.Âs requests that appellant stop, appellant
continued until C.G. ejaculated.

Â Â Â Â Â Â Â Â Â Â Â  Another
of the boys, O.Z., also met appellant at church.Â  Appellant began giving O.Z. rides to and from
church.Â  O.Z. described two instances
when appellant rubbed his leg and told O.Z. that he loved him or cared for
him.Â  On another occasion, appellant took
O.Z. to an empty apartment and told O.Z. that the apartment was where appellant
and C.G. had sex.Â  While in this
apartment, appellant attempted to kiss O.Z., but O.Z. moved his head.Â  Finally, O.Z. described one occasion when
appellant followed him into a storage closet at the church and hugged him from
behind.Â  O.Z. said that he could feel
appellantÂs penis through their clothes.

Â Â Â Â Â Â Â Â Â Â Â  The
final boy, J.B., described an incident when appellant came to J.B.Âs apartment
to fix a cupboard.Â  J.B. was alone in the
apartment.Â  Appellant sat down on the
couch and told J.B. to sit by him.Â  When
J.B. complied, appellant undid the drawstring on J.B.Âs sweatpants and put his
hands on J.B.Âs inner thigh and penis.

Â Â Â Â Â Â Â Â Â Â Â  Appellant
was indicted for committing the offenses of indecency with a child by contact
against each of the three boys and indecency with a child by exposure against
C.G.Â  Prior to trial, the State moved to
consolidate all of the pending charges against appellant.Â  Appellant moved to sever the trials, but this
motion was denied by the trial court.Â 
Following trial, a jury found appellant guilty of all charges, and the
trial court sentenced appellant to ten years incarceration in each cause.Â  Appellant then timely filed notice of appeal.

Â Â Â Â Â Â Â Â Â Â Â  By
one issue, appellant contends that the trial court erred in denying appellantÂs
motion to sever the separate causes resulting in unfair prejudice to appellant.

Standard of Review

Â Â Â Â Â Â Â Â Â Â Â  A
trial courtÂs denial of a defendantÂs motion for severance is reviewed for
abuse of discretion.Â  See Salazar
v. State, 127 S.W.3d 355, 365 (Tex.App.--Houston
[14th Dist.] 2004, pet. refÂd).Â  A trial court abuses its discretion when the
trial courtÂs decision is arbitrary, unreasonable, and made without reference
to guiding rules or principles.Â  See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on rehÂg).

Law and Analysis

A defendant may be prosecuted in a
single criminal action for all offenses arising out of the same criminal
episode.Â  Tex. Penal Code Ann. Â§ 3.02(a) (Vernon 2003).[3]Â  "Criminal episode" means the
commission of two or more offenses, regardless of whether the harm is directed
toward or inflicted upon more than one person, if the offenses were committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected to or constitute a common scheme or plan, or if the offenses are
the repeated commission of the same or similar offenses.Â  Â§ 3.01 (Vernon 2003).

When two or more offenses have been
joined for trial under section 3.02, the defendant has a right to severance of
the offenses, except when the defendant is being prosecuted for an offense
described by section 3.03(b), in which case, severance is permitted only when
the trial court determines that the defendant or the State would be unfairly
prejudiced by joinder of the offenses.Â  Â§ 3.04(a), (c) (Vernon 2003).Â  The offenses described by section 3.03(b)
include indecency with a child under the age of seventeen years.Â  Â§ 3.03(b)(2)(A)
(Vernon Supp. 2009); see Â§ 21.11.Â 
There is no presumption that the joinder of
cases described by section 3.03(b) that were allegedly committed against
different children is unfairly prejudicial.Â 
See Salazar, 127 S.W.3d at 365 (citing Diaz v. State,
125 S.W.3d 739, 742-43 (Tex.App.--Houston [1st Dist.]
2003, pet. ref'd.)). The burden to show how he would
be unfairly prejudiced by consolidation rests with the defendant. Â See Lane v. State, 174 S.W.3d
376, 380 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd).

Â Â Â Â Â Â Â Â Â Â Â  Initially,
appellant seems to contend that the facts and circumstances surrounding the
allegations made in the present causes are so different that they do not
constitute Âthe repeated commission of the same or similar offenses,Â Â§ 3.01,
and, therefore, the trial court erred in denying appellantÂs motion to sever. Â Because appellantÂs issue challenges the
denial of the motion to sever, we must initially determine whether the trial
court abused its discretion in denying the motion on the basis that the causes
were not appropriate for consolidation. Â Appellant attempts to distinguish adverse case
law by highlighting the facts that these causes involved three separate victims
that were not members of appellantÂs family, and the offenses were singular
occurrences rather than recurrent.Â 
However, nothing in the case law cited by appellant establishes that any
of these factors are required to establish that offenses are sufficiently
similar to justify consolidation.Â  After
reviewing the record, we conclude that these offenses were sufficiently similar
to justify consolidation.Â  The
similarities include: each of the three victims were in the same age range when
assaulted by appellant, appellant met each of the three victims through his
position of employment, and many of appellantÂs statements and actions were
consistent with each child.Â  As such, we
cannot say that the trial court abused its discretion in denying appellantÂs
motion on the basis that the offenses were not sufficiently similar to justify joinder.Â  See
Â§Â§ 3.01, 3.02(a).

However, even if causes under section
3.03(b) are properly joined, severance is appropriate if the defendant or State
would be unfairly prejudiced by the joinder.Â  Â§ 3.04(a), (c).Â  Appellant contends that the testimony of the
victims, when taken separately, reveals flaws and inconsistencies that were
masked by the consolidation of the cases.Â 
Further, appellant contends that the admission of the testimony from
each of the victims in the same proceeding impermissibly bolstered the
testimony of each victim.

As previously stated, when the
charged offenses are offenses described by section 3.03(b), there is no
presumption that the joinder of cases allegedly
committed against different children is unfairly prejudicial.Â  See Salazar, 127
S.W.3d at 365.Â  Additionally, it
is well-established that evidence of other crimes may be admitted in a case if
it rebuts a defensive theory.Â  See
Moses v. State, 105 S.W3d 622, 627 (Tex.Crim.App. 2003).Â 
AppellantÂs defensive theories at trial primarily consisted of denying
that he committed the offenses and claiming that the victimsÂ testimony was
inconsistent or coached.Â  As such, even
if the severance had been granted, it is likely that, in each case, the
testimony of the other victims would have been admissible to refute the
defensive theories that the victimsÂ testimony is unreliable or was the result
of coaching. Â See Salazar, 127 S.W.3d at 365.Â 
Therefore, we conclude that the trial court could have reasonably found
that the joinder of the cases was not unfairly
prejudicial to appellant.Â  Id. at 365-66.Â 
Consequently, the trial court did not abuse its discretion in denying
appellantÂs motion for severance.Â  We
overrule appellantÂs issue.

Â 

Conclusion

For the foregoing reasons, we
overrule appellantÂs sole appellate issue and affirm the judgment of the trial
court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Do not publish.Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1] See Tex.
Penal Code Ann.
Â§ 21.11(a)(1) (Vernon Supp. 2009).

Â 





[2]
See Tex. Penal Code Ann. Â§ 21.11(a)(2)(A).





[3]
Further
references to provisions of the Texas Penal Code will be by reference to
Âsection __Â or ÂÂ§ __.Â