COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
 2-08-024-CR

 

 

JOHN PAUL GALBRAITH                                                       APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

              FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant John Paul Galbraith
appeals his conviction on two counts of aggravated sexual assault of a child
and two counts of indecency with a child. 
In two points, he argues that the trial court erred by denying his
motion to sever and by admitting into evidence a letter allegedly written by
Appellant over Appellant=s objection
that the letter was not authenticated. 
We affirm.








                                                Background

Because Appellant does not
challenge the legal or factual sufficiency of the evidence, we will restrict
our summary of the record to those parts necessary to provide context for
Appellant=s points.

A grand jury returned two
indictments against Appellant.  The first
indictment alleged a single count of aggravated sexual assault of a child under
the age of fourteen, T.P., committed in 2004. 
The second indictmentCand the one from which this appeal arisesCalleged two counts of aggravated sexual assault and two counts of
indecency with a different child under the age of fourteen, M.G., committed in
2006. 

The State filed a notice of
its intent to consolidate the two cases for trial. Appellant filed a motion to
sever the two cases Aunder Texas
Penal Code Section 3.04.@  The trial court heard the motion immediately
before voir dire. Appellant argued that the cases were not factually related
and involved allegations of Acompletely different manner and means.@  The trial court denied the
motion to sever and tried the cases together. 








During its case in chief, the
State offered into evidence a handwritten letter purportedly written by
Appellant.  To authenticate the letter,
the State offered the testimony of Sergeant Billy Cordell, the Denton County
deputy sheriff in charge of inmate mail at the county jail where Appellant was
incarcerated before trial.  Sergeant
Cordell testified that he reviews outgoing inmate mail and that he reviewed the
letter in question when it was deposited into the prison mail system.  The envelope recited the name AJ. Galbraith@ and
Appellant=s unique ASO@ number in
the return address.  Sergeant Cordell
said that he had read Aquite a bit@ of Appellant=s mail and
recognized his handwriting, which he called Aeasily recognizable.@ 

Appellant objected to the
letter as improperly authenticated.  The
trial court overruled his objection and admitted the letter into evidence.  The letter contains the following
sentences:  ANot allowing [M.G.] to testify will totally drop the case.  No witness, no case.  I would give up my parental rights to her if
she [would] just drop it!@ 

The jury acquitted Appellant
on the charge concerning T.P. but convicted him on all four charges concerning
M.G.  The jury assessed punishment of
life in prison on each of the aggravated sexual assault charges and twenty
years= confinement on each of the indecency charges.  The trial court rendered judgment
accordingly, and Appellant filed this appeal.

                                             Motion to Sever

In his first point, Appellant
argues that the trial court erred by denying his motion to sever.








A defendant may be prosecuted
in a single criminal action for all offenses arising out of the same criminal
episode.  Tex. Penal Code Ann. ' 3.02(a) (Vernon 2003).  ACriminal episode@ means the
commission of two or more offenses, regardless of whether the harm is directed
toward or inflicted upon more than one person, if the offenses were committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected to or constitute a common scheme or plan or if the offenses are
the repeated commission of the same or similar offenses.  Id. ' 3.01 (Vernon 2003).  








Whenever two or more offenses
have been consolidated or joined for trial under section 3.02, the defendant
has a right to severance of the offenses, except the right to severance does
not apply to a prosecution for an offense described by section 3.03(b) unless
the trial court determines that the defendant or the State would be unfairly
prejudiced by joinder of the offenses.  Id.
' 3.04(a), (c) (Vernon Supp. 2008). 
The offenses described by section 3.03(b) include aggravated sexual
assault and indecency with a child under the age of seventeen years.  Id. ' 3.03(b)(2)(A) (Vernon Supp. 2008). 
There is no presumption that the joinder of cases involving aggravated
sexual assault against different children is unfairly prejudicial.  Salazar v. State, 127 S.W.3d 355, 365
(Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d) (citing Diaz v. State, 125 S.W.3d 739, 742B43 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d.)).  The defendant must explain how he would be
unfairly prejudiced by consolidation.  Lane
v. State, 174 S.W.3d 376, 380 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d), cert. denied, 127 S. Ct. 246 (2006).  We review the trial court=s denial of a defendant=s motion for severance for abuse of discretion. See Salazar,
127 S.W.3d at 365.

To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling
if they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  The complaint on appeal must comport with the
complaint raised

at trial.  Heidelberg
v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).








Appellant did not allege
unfair prejudice in his written motion to sever.  At the severance hearing, he argued that the
cases should be severed because Athey are not factually related@ and involved Aan entirely
different manner and means.@  In other words, Appellant
argued that the cases should be severed because they did not involve the same Acriminal episode@ as defined
by section 3.01, not because joinder was unfairly prejudicial under section
3.04(b).  Even when asked by the trial
court, A[W]hy do you say that=s unfairly prejudicial?@ Appellant=s counsel
only stated that the offenses were unrelated. 
Appellant did not argue, as he does on appeal, that joinder would
prejudice him because it forced him to divide his defense between the two
indictments and allowed the State to offer evidence of the alleged offense
involving T.P. that might not have been otherwise admissible in the case
involving M.G.   

Because Appellant=s complaint on appeal does not comport with his argument at the
severance hearing, we hold that he failed to preserve his complaint for our
review.  See Heidelberg,
144 S.W.3d at 537.  Even if Appellant had
preserved error, we would hold that the trial court did not abuse its
discretion by denying the motion to sever because Appellant did not explain how
he would be unfairly prejudiced by joinder as he was required to do under
section 3.04(b).  See Tex. Penal
Code Ann. ' 3.04(b);
Tex. R. App. P. 33.1; Lane, 174 S.W.3d at 380 (holding trial court
did not abuse its discretion in refusing severance where appellant did not
explain how joinder created unfair prejudice). 









Moreover, we disagree that
either of the grounds argued by Appellant on appeal establishes that he was
unfairly prejudiced.  While evidence of
other crimes is not admissible to prove the character of a person to show he
acted in conformity therewith, it may be admissible for other purposes such as
to rebut a defensive theory.  See Tex.
R. Evid. 404(b); Matthews v. State, 152 S.W.3d 723, 731 (Tex. App.CTyler 2004, no pet.); Salazar, 127 S.W.3d at 365.  One of Appellant=s main defensive theories as to M.G. was that she was not telling the
truth because she wanted to please those who had influence over her.  We agree with the State that it is probable
that the evidence relating to T.P.=s allegations against Appellant would have been admissible for that
purpose even if a severance had been granted. 
See Salazar, 127 S.W.3d at 365 (holding joinder not unfairly
prejudicial where it was likely that other victims= testimony would have been admissible to refute defensive theory that
complainants= stories
were influenced by suggestive questioning). 


Nor does it appear that the
refusal to sever resulted in prejudice or harm by impairing Appellant=s ability to present his defenses as to either cause.  Appellant=s defense of the cause involving T.P. was that it was a simple case of
Ahe said-she said@ in which no
new evidence was developed in the three years following the alleged single act
involving her.  Appellant convinced the
jury of his defense as shown by its Anot guilty@ verdict as
to T.P.  Contrary to his argument on
appeal, the record reveals that Appellant was able to and did concentrate his
defense on M.G.=s case,
including lack of physical evidence, M.G.=s inconsistent statements, and implications that she embellished and
fabricated facts to please the outcry interviewer and others.  Appellant has not explained how he was
prevented from further developing his defense as to M.G.  For these reasons, we overrule Appellant=s first point.








                                       Authentication of Letter

In his second point,
Appellant argues that the trial court abused its discretion by admitting the
handwritten letter over his objection that it was not authenticated.  We review a trial court=s decision to admit or exclude evidence under an abuse of discretion
standard.  Green v. State, 934
S.W.2d 92, 101B02 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).

The requirement of
authentication or identification as a condition precedent to admissibility is
satisfied by evidence sufficient to support a finding that the matter in
question is what the proponent claims. 
Tex. R. Evid. 901(a).  Evidence
may be authenticated by the testimony of a witness with knowledge that a matter
is what its proponent claims it to be, nonexpert opinion as to the genuineness
of handwriting based upon familiarity not acquired for the purposes of the
litigation, or other distinctive characteristics.  Tex. R. Evid. 901(b)(1), (2), (4).  A trial court does not abuse its discretion
by admitting evidence when it reasonably believes that a reasonable juror could
find that the evidence has been authenticated or identified.  Druery v. State, 225 S.W.3d 491, 502
(Tex. Crim. App.), cert. denied, 128 S. Ct. 627 (2007).








Sergeant Cordell identified
the letter as having been written by Appellant based on his familiarity with
Appellant=s
handwriting from other letters he had reviewed as part of his jailhouse duties
and from Appellant=s name and
unique  ASO@ number in
the envelope=s return
address.  Appellant argues that Sergeant
Cordell=s testimony did not authenticate the letter because he did not testify
that he personally knew Appellant, that there was only one person with
Appellant=s name in
the Denton County Jail on the date Sergeant Cordell reviewed the letter, or
what Appellant=s SO number
was.  But rule 901(b) does not require
that the person authenticating a writing personally know the author, as opposed
to knowing the author=s
handwriting.  See Tex. R. Evid.
901(b).  Further, and contrary to
Appellant=s argument,
Sergeant Cordell did testify that the SO number on the envelope was Appellant=s unique SO number, which also eliminates the possibility that a
different John Galbraith wrote the letter.

We hold that Sergeant Cordell=s identification of the letter from his familiarity with Appellant=s handwriting and Appellant=s name and SO number on the envelope sufficiently authenticated the
letter as having been written by Appellant. 
Therefore, the trial court did not abuse its discretion by admitting the
letter into evidence over Appellant=s authentication objection, and we overrule his second point.

 








                                                Conclusion

Having overruled both of
Appellant=s points, we
affirm the trial court=s judgment.   

PER CURIAM

 

PANEL:       GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 6, 2008











[1]See Tex.
R. App. P. 47.4.