02-09-443-CR, 02-09-444-CR















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 02-09-00443-CR

NO. 02-09-00444-CR

 

 


 
 
 THA DANG NGUYEN
 
 
                                               APPELLANT
 
 


 

V.

 


 
 
 THE STATE OF TEXAS
 
 
                                                    
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL DISTRICT
 COURT NO. 1 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Tha
 Dang Nguyen pled guilty to two, separately charged counts of injury to
a child–bodily injury pursuant to a plea bargain, and the trial court deferred
adjudication and placed him on five years’ community supervision.  Approximately five months later, the trial
court found that Appellant had violated the terms and conditions of his
community supervision, adjudicated his guilt in each case, and sentenced him to
ten years’ confinement in each case, to be served consecutively.  In two issues, Appellant argues that the
trial court abused its discretion by concluding that he had violated his
community supervision by having contact with his daughters, the complainants, and
that the trial court erred by ordering that the two sentences run
consecutively.  Because the trial court
improperly cumulated, or “stacked,” the sentences, we sustain Appellant’s first
issue and modify the judgment in trial cause no. 1135784D (appeal cause no.
02-09-00443-CR) to delete the cumulation orders.  Because the trial court properly granted the
State’s motion to proceed to adjudication and revoked Appellant’s community
supervision, we overrule his second issue, affirm the trial court’s judgment in
trial cause no. 1135787D (appeal cause no. 02-09-00444-CR), and affirm the
trial court’s judgment in trial cause no. 1135784D (appeal cause no.
02-09-00443-CR) as modified.

I. 
Proper Revocation of Appellant’s Community Supervision

          In his second issue, Appellant argues
that the trial court abused its discretion by finding that Appellant had
violated the conditions of community supervision prohibiting contact with his
daughters.  We review an order revoking
community supervision under an abuse of discretion standard.[2]  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision.[3]  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s
ruling.[4]

          One of the conditions of Appellant’s
community supervision was that he have no contact with his daughters.  The trial court heard evidence that Appellant
spoke to his daughters by telephone regularly and met personally with them and
their mother when their mother took them to a funeral at the temple where
Appellant used to be a monk as well as on other occasions.  The trial court admitted into evidence family
photographs that Appellant had told a community supervision officer were taken
at the temple after the trial court placed him on community supervision.  Appellant’s daughters, their mother, and the community
supervision officer all testified.

          While the record reflects that the
mother actively participated in creating opportunities for contact between
Appellant and the girls at the temple as well as telephone contact, that she
reported the contacts and provided the photographs for his prosecution after she
became angry with Appellant, and that she took the girls to the jail to visit
Appellant after his arrest for violating his conditions of community
supervision (although they did not always go upstairs with her to see him),
this evidence does not render the evidence of Appellant’s violations
insufficient.

          Employing the appropriate standard of
review, we hold that the trial court did not abuse its discretion by granting
the State’s motion to adjudicate Appellant’s guilt and revoking his community
supervision in each case.  We overrule his
second issue.

II. 
Improper Cumulation of Sentences 

          In his first issue, Appellant contends
that the trial court erred by cumulating his sentences.  The original indictment in trial cause no.
1135784D (appeal cause no. 02-09-00443-CR), concerning V.N., Appellant’s
daughter, alleged that one count of aggravated sexual assault by
digital-vaginal penetration occurred on or about January 15, 2002, and one
count of sexual assault by digital-vaginal penetration occurred on or about September
1, 2007.  The original indictment in
trial cause no. 1135787D (appeal cause no. 02-09-00444-CR), concerning Appellant’s
daughter, D.K., alleged that three counts of aggravated sexual assault by
digital-vaginal penetration occurred on or about July 4, 2008, June 1, 2006,
and January 1, 2003, respectively, and that one count of aggravated sexual
assault by oral-vaginal contact occurred on or about June 15, 2006.

          Each indictment was amended to add a
single count of injury to a child.  Each
injury-to-a-child count was alleged to have been committed on, as opposed to on
or about a certain date, “said date.”  No
day, month, or year is specified in either injury-to-a-child count.  Appellant pled guilty only to the count of injury
to a child in each indictment, and the State did not pursue the remaining
counts.  The order of deferred
adjudication and judgment adjudicating guilt in trial cause no. 1135784D (appeal
cause no. 02-09-00443-CR) indicate that the offense of injury to a child was
committed against V.N. on January 15, 2002. 
The order of deferred adjudication and judgment adjudicating guilt in trial
cause no. 1135787D (appeal cause no. 02-09-00444-CR) indicate that the offense
of injury to a child was committed against D.K. on July 4, 2008.  The record does not provide an explanation
for the trial court’s selection of these dates, although we note that they
match the “on or about” dates alleged for the first count in each indictment.

          Article 21.24 of the code of criminal procedure
provides in pertinent part that “[t]wo or more offenses may be joined in a
single indictment, information, or complaint, with each offense stated in a
separate count, if the offenses arise out of the same criminal episode, as
defined in Chapter 3 of the Penal Code.”[5]  That is, the offenses alleged in each
indictment below were properly joined in a single indictment only if they were
part of the same criminal episode.  But
the State may also join separate indictments in a single prosecution when the
offenses alleged in the separate indictments are part of a single criminal
episode.[6]  Section 3.01 of the penal code provides,

          In this
chapter, “criminal episode” means the commission of two or more offenses,
regardless of whether the harm is directed toward or inflicted upon more than
one person or item of property, under the following circumstances:

          (1) the offenses are committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected or constitute a common scheme or plan; or

          (2) the offenses are the repeated
commission of the same or similar offenses.[7]

It
is not necessary that the offenses occur on a single date or in a single place
or against a single complainant.[8]  The offenses against different complainants
can even take place over a period of years.[9]

          V.N. testified that Appellant sexually
assaulted D.K. and her and that he molested her from when she was in fourth
grade until she was in tenth grade:  “He
took his finger and went down there.” 
When the trial court asked, “Like in your female private parts?” she
answered, “Yes.”

          Appellant argues that his convictions
are from the same criminal episode, even though he admits that the scant record
before us does not clearly show that.  He
points out that the two cases were tried together in one adjudication hearing,
alleging the same violation.  In its
brief, “[t]he State acknowledges that the offenses appear to have been prosecuted
in the same criminal action and to involve the commission of the same or
similar offenses.”  Given the allegations
in the two indictments, the familial relationships, and V.N.’s testimony, we
hold that the offenses arose out of the same criminal episode.[10]  Based on the record, we hold that they were
prosecuted in the same criminal action.

          Section 3.03(a) of the penal code
provides, 

When the accused is found guilty of more than one offense
arising out of the same criminal episode prosecuted in a single criminal
action, a sentence for each offense for which he has been found guilty shall be
pronounced.  Except as provided by
Subsection (b), the sentences shall run concurrently.[11]

Subsection
(b) details the circumstances allowing cumulative sentences.[12]  The offense of injury to a child is not
listed as an excepted offense to the concurrent sentencing requirement.[13]  Appellant therefore argues that because his
convictions do not fall within any of the statutory exceptions to the rule
requiring concurrent sentences, the trial court erred by ordering cumulative
sentences.  The State argues that section
3.03(b)(2)(B) provides an exception authorizing the trial court’s cumulation of
Appellant’s sentences.  Section 3.03(b) provides,

          If the
accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run concurrently or consecutively if each
sentence is for a conviction of:

          (1) . . .
[;]

          (2) an
offense:

                    (A) . . . [;]

(B) for which a plea agreement was
reached in a case in which the accused was charged with more than one offense
listed in Paragraph (A) [sexual assault of a child and aggravated sexual
assault of a child are both listed] committed against a victim younger than 17
years of age at the time of the commission of the offense regardless of whether
the accused is charged with violations of the same section more than once or is
charged with violations of more than one section[.][14]  

          The State, relying on an unpublished
opinion from our sister court in Austin,[15]
argues that because Appellant was “charged” with more than one offense listed
in section 3.03(b)(2)(A) (that is, four counts of aggravated sexual assault in
one case, and one count of aggravated sexual assault and one count of sexual
assault in the other case) and entered into a plea agreement in each case,
subsection B applies to allow cumulative sentencing for his convictions for
injury to a child.  It is the mere
accusation, according to the State, that allows cumulation in this
context.  Under the State’s argument, a
defendant’s acquittal or the State’s waiver of a “charged” offense would have
no effect on the trial court’s ability to cumulate the sentences.  We are not persuaded that the reasoning of
the Austin court applies to the case now before this court.

          In Sikes
v. State, Sikes was charged in a two-count indictment with sexual offenses
against a child.  Pursuant to a plea
bargain agreement, he pled guilty to one count, was convicted, and received a
prison sentence, and he pled guilty to the lesser included offense of attempted
commission of the offense alleged in the second count, was convicted, and was
placed on community supervision for ten years.  In accordance with the agreement, Sikes served
his full prison sentence and then began serving his community supervision term after
his release from prison.  When the trial
court revoked his community supervision, the question was when the new sentence
was to begin.  The decision affirming the
order revoking Appellant’s community supervision was essentially a scattergun
approach firmly grounded in the trial court’s conviction that it was
fundamentally unfair for Sikes to have agreed to this procedure, benefitted
from it, and not have complained about it until his community supervision was
revoked.[16]

          The Sikes court held that Sikes forfeited his complaint by not
appealing from the grant of community supervision, that Sikes did not argue that
his conviction was void, that Sikes did not bring an application for writ of
habeas corpus, and that Sikes raised only a section 3.03 violation.[17]  Although the Sikes court recognized the holding in Parfait v. State[18] that the
plain reading of section 3.03(b)(2)(A) prohibits stacking sentences for convictions
for attempted offenses,[19] the Sikes court posited that section 3.03(b)(2)(B) uses the word
“charged” rather than “convicted.”[20]

          We hold that the plain reading of the
statute reveals that section 3.03(b)(2)(B) permits the State and a defendant to
agree, pursuant to a plea bargain agreement, to allow a defendant to plead to a
non-sexual offense against a child and, at the same time, agree that the
sentences may be stacked.[21]  Due process prohibits punishing a person for
an offense of which he was not convicted and of which he may have been acquitted
or for which he may never have been prosecuted.[22]  Interpreting the statute to allow a due
process violation would be absurd.[23]  In the case now before this court, Appellant,
unlike Sikes, did not plea bargain for a penitentiary sentence and also for a
probated sentence that he would not begin serving until he had been released
from prison.  In other words, Sikes plea-bargained
for stacked sentences, but Appellant did not.

          We therefore hold that the trial court
erred by holding that Appellant serve his two sentences consecutively.  We sustain his first issue and modify the
judgment in trial cause no. 1135784D (appeal cause no. 02-09-00443-CR) by
deleting the orders that “THIS SENTENCE SHALL RUN CONSECUTIVELY” and that

SENTENCE IN THIS
CAUSE SHALL BEGIN WHEN THE JUDGMENT AND SENTENCE RENDERED IN CRIMINAL DISTRICT
COURT ONE IN TARRANT COUNTY TEXAS IN CAUSE #1135787D [appeal cause no. 02-09-00444-CR]
FOR INJURY TO A CHILD-BODILY INJURY, WHICH SENTENCE IN THE CASE CONSISTS OF 10
YEARS CONFINEMENT SHALL HAVE CEASED TO OPERATE[.][24]

 

III. 
Conclusion

          Having held that the trial court did
not abuse its discretion by adjudicating Appellant’s guilt and revoking his
community supervision in each case, we affirm the trial court’s judgment in trial
cause no. 1135787D (appeal cause no. 02-09-00-444-CR).  Having also held that the trial court erred
by cumulating Appellant’s two sentences, we affirm the trial court’s judgment
in trial cause no. 1135784D (appeal cause no 02-09-00443-CR) as modified.

 

 

                                                                             
 
 
 
 
 
 
 
 
 LEE ANN DAUPHINOT

                                                                             
 
 
 JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and GABRIEL, JJ.

 

WALKER and GABRIEL, JJ. concur without
opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
December
 30, 2010











[1]See Tex. R. App. P. 47.4.





[2]Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).  





[3]Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry, 215
S.W.3d at 919.  





[4]Cardona,
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. [Panel Op.] 1981); Cherry, 215 S.W.3d at 919.





[5]Tex.
Code Crim. Proc. Ann. art. 21.24 (Vernon 2009). 





[6]See Tex. Penal Code Ann. § 3.02(a), (b)
(Vernon 2003).





[7]See id. § 3.01.





[8]See Baker
v. State, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (treating
offenses committed against three different women at three different locations
within an eleven-month period as offenses committed in a single episode). 





[9]Diaz v. State, 125 S.W.3d 739, 742 (Tex.
App.—Houston [1st Dist.] 2003, pets. ref’d).





[10]See id.; see also Tex. Penal Code Ann. § 3.01.





[11]Tex.
Penal Code Ann. § 3.03(a) (Vernon Supp. 2010).





[12]Id. § 3.03(b).





[13]Id.





[14]Id. § 3.03(b)(2)(B).





[15]Sikes v. State, No. 03-06-00608-CR, 2007
WL 4269815 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated
for publication).





[16]Id. at *3–*4.





[17]Id. at *4.





[18]120
S.W.3d 348 (Tex. Crim. App. 2003).





[19]Id. at 350–51.





[20]See Tex. Penal Code Ann. §
3.03(b)(2)(B).





[21]See id.





[22]See
U.S. Const. amends. VI, XIV.





[23]See
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).





[24]See Beedy v. State, 250 S.W.3d 107,
113–14 (Tex. Crim. App. 2008) (holding that unlawful cumulation order is
remedied by modifying judgment to delete cumulation order).