NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-0171-CR, 07-10-0172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



MARCH
15, 2011

 



 

GREGORIO RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NOS. 2009-455,818, 2009-458,190, 2009-425,597,

 

2009-422,825;  HONORABLE CECIL
PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

ORDER ON ABATEMENT AND REMAND

 

            In these four cases, appellant Gregorio Rodriguez
appeals his convictions on his open pleas of guilty and resulting
sentences.  On our own motion, after
examining the records, we consider our jurisdiction.  See State v. Roberts, 940
S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds, State v.
Medrano, 67 S.W.3d 892, 901-03 (Tex.Crim.App.
2002) (appellate court may on its own motion address issue of its
jurisdiction). 

            The
reporter’s record says sentence in each case was imposed in open court on March
3, 2010.  Docket sheet entries in each
case appear to indicate sentencing occurred on March 8.  Our case numbers 07-10-0122-CR and
07-10-0123-CR were misdemeanor convictions. 
The written judgments in these cases state “judgment entered and sentence
imposed on this 8th day of March, A.D. 2010.” 
Our case numbers 07-10-0171-CR and 07-10-0172-CR were convictions for
state jail felonies.  The written
judgments in these cases state “date judgment entered: 3-8-10” and “date
sentence imposed/to commence” March 8, 2010. 
Also in case numbers 07-10-0171-CR and 07-10-0172-CR a document entitled
“waiver of constitutional rights, agreement to stipulate, and judicial
confession” indicates it was “sworn and subscribed” by appellant before a
deputy district clerk on “3-8-10.” 
Appellant filed a notice of appeal in each case on April 6, 2010.  

            Our
appellate jurisdiction is triggered through a timely notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App.1996).  In the
absence of a motion for new trial, Rule of Appellate Procedure 26.2(a)(1) requires a notice of appeal be filed within 30 days
after the day sentence is imposed in open court.  Tex. R. App. P. 26.2(a)(1).  The rules of appellate procedure provide for
an extension of time to file the notice of appeal if “such notice is filed
within fifteen days after the last day allowed and within the same period a
motion is filed in the court of appeals reasonably explaining the need for such
extension.”  Tex. R. App. P. 26.3.  Both the notice of appeal and the motion for
extension of time must be filed within the time provided by the rules.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998) (per curiam); Olivo, 918 S.W.2d at 522.  

Here, the clerk’s records do not
contain motions for new trial, nor did we receive a motion for additional time
to file a notice of appeal.  It is
therefore evident that establishing the correct date sentence was imposed in
open court is essential to determining our jurisdiction.

            Each
case is therefore abated and remanded to the trial court.  On proper notice, the trial court shall
convene an evidentiary hearing as soon as practicable to determine the
following:

(1)  the correct date on which sentence
was imposed in each case; and 

(2)  if that date was other than March 3,
2010, why the reporter’s record is incorrect.

Following the hearing, the trial
court shall prepare findings of fact and conclusions of law regarding all
matters it considered in conjunction with this order.  The hearing shall be transcribed and included
in a supplemental reporter’s record.  The
trial court’s findings of fact and conclusions of law as well as any orders
made in compliance with this order shall be included in supplemental clerk’s
records, for each case.  The supplemental
reporter’s record, and supplemental clerk’s records prepared in each case,
shall be filed with the clerk of this court on or before April 4, 2011.  Should additional time be needed to perform
these tasks, the trial court may request same on or before April 4, 2011.

It is so ordered.

Per Curiam

Do not
publish.











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.  








toward or inflicted upon more than one person, if the offenses were committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected to or constitute a common scheme or plan, or if the offenses are
the repeated commission of the same or similar offenses.  § 3.01 (Vernon 2003).

When two or more offenses have been
joined for trial under section 3.02, the defendant has a right to severance of
the offenses, except when the defendant is being prosecuted for an offense
described by section 3.03(b), in which case, severance is permitted only when
the trial court determines that the defendant or the State would be unfairly
prejudiced by joinder of the offenses.  § 3.04(a), (c) (Vernon 2003).  The offenses described by section 3.03(b)
include indecency with a child under the age of seventeen years.  § 3.03(b)(2)(A)
(Vernon Supp. 2009); see § 21.11. 
There is no presumption that the joinder of
cases described by section 3.03(b) that were allegedly committed against
different children is unfairly prejudicial. 
See Salazar, 127 S.W.3d at 365 (citing Diaz v. State,
125 S.W.3d 739, 742-43 (Tex.App.--Houston [1st Dist.]
2003, pet. ref'd.)). The burden to show how he would
be unfairly prejudiced by consolidation rests with the defendant.  See Lane v. State, 174 S.W.3d
376, 380 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd).

            Initially,
appellant seems to contend that the facts and circumstances surrounding the
allegations made in the present causes are so different that they do not
constitute “the repeated commission of the same or similar offenses,” § 3.01,
and, therefore, the trial court erred in denying appellant’s motion to sever.  Because appellant’s issue challenges the
denial of the motion to sever, we must initially determine whether the trial
court abused its discretion in denying the motion on the basis that the causes
were not appropriate for consolidation.  Appellant attempts to distinguish adverse case
law by highlighting the facts that these causes involved three separate victims
that were not members of appellant’s family, and the offenses were singular
occurrences rather than recurrent. 
However, nothing in the case law cited by appellant establishes that any
of these factors are required to establish that offenses are sufficiently
similar to justify consolidation.  After
reviewing the record, we conclude that these offenses were sufficiently similar
to justify consolidation.  The
similarities include: each of the three victims were in the same age range when
assaulted by appellant, appellant met each of the three victims through his
position of employment, and many of appellant’s statements and actions were
consistent with each child.  As such, we
cannot say that the trial court abused its discretion in denying appellant’s
motion on the basis that the offenses were not sufficiently similar to justify joinder.  See
§§ 3.01, 3.02(a).

However, even if causes under section
3.03(b) are properly joined, severance is appropriate if the defendant or State
would be unfairly prejudiced by the joinder.  § 3.04(a), (c).  Appellant contends that the testimony of the
victims, when taken separately, reveals flaws and inconsistencies that were
masked by the consolidation of the cases. 
Further, appellant contends that the admission of the testimony from
each of the victims in the same proceeding impermissibly bolstered the
testimony of each victim.

As previously stated, when the
charged offenses are offenses described by section 3.03(b), there is no
presumption that the joinder of cases allegedly
committed against different children is unfairly prejudicial.  See Salazar, 127
S.W.3d at 365.  Additionally, it
is well-established that evidence of other crimes may be admitted in a case if
it rebuts a defensive theory.  See
Moses v. State, 105 S.W3d 622, 627 (Tex.Crim.App. 2003). 
Appellant’s defensive theories at trial primarily consisted of denying
that he committed the offenses and claiming that the victims’ testimony was
inconsistent or coached.  As such, even
if the severance had been granted, it is likely that, in each case, the
testimony of the other victims would have been admissible to refute the
defensive theories that the victims’ testimony is unreliable or was the result
of coaching.  See Salazar, 127 S.W.3d at 365. 
Therefore, we conclude that the trial court could have reasonably found
that the joinder of the cases was not unfairly
prejudicial to appellant.  Id. at 365-66. 
Consequently, the trial court did not abuse its discretion in denying
appellant’s motion for severance.  We
overrule appellant’s issue.

 

Conclusion

For the foregoing reasons, we
overrule appellant’s sole appellate issue and affirm the judgment of the trial
court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 

            








 











[1] See Tex.
Penal Code Ann.
§ 21.11(a)(1) (Vernon Supp. 2009).

 





[2]
See Tex. Penal Code Ann. § 21.11(a)(2)(A).





[3]
Further
references to provisions of the Texas Penal Code will be by reference to
“section __” or “§ __.”