Johnny FLOWERS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–00909–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 26, 2003.

Published in Part Pursuant
to Tex. R. App. P. 47.

David S. Barron, John Paul, Bryan, TX, for Appellant.

Johnny Flowers, Huntsville, pro se.

Bill R. Turner, District Attorney, Douglas Howell, III, Assistant District Attorney, Bryan, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

Johnny Flowers, Jr., appellant, was charged with felony driving while intoxicated (DWI).[2] The jury found appellant guilty. The trial court, after finding two

---

2. Tex. Pen.Code Ann. §§ 49.04(a), 49.09(b) (Vernon 2003). Under section 49.04, driving while intoxicated is a Class B misdemeanor unless it is shown at trial that the person has been convicted of two prior DWI offenses. Thus, the two prior DWI convictions are elements of the offense of felony DWI.

enhancement paragraphs true, assessed punishment at 50 years' confinement. In 12 issues presented for review, appellant argues that his trial counsel was ineffective. We affirm.

## Background

On December 6, 2000, at approximately 7:30 in the evening, appellant slammed the Mazda Protege vehicle he was driving into a parked red Ford pickup truck in a residential area where cars were parked on both sides of the street. At the time of the crash, Meggan Bradford, the owner of the parked car, was inside a friend's apartment along with some other friends. They heard a loud bang and ran outside. Outside the house, they noticed that a Mazda Protege, dragging metal behind it, was slowly limping its way up the street. Jason Holmes, a friend of Bradford, reached the driver's door of the Protege, saw appellant, and helped him out of the car. Both Holmes and Bradbury observed that appellant was disoriented, but they testified that they were unsure whether it was from intoxication or from having been in a recent automobile accident.

When the police arrived to investigate, Officer Brown of the College Station Police Department began talking to appellant. At the scene, appellant admitted to being the driver of the Protege that hit the Ford pickup. While talking to appellant, Brown noticed that an alcohol odor emanated from appellant's breath, that appellant's eyes were red and glassy, and that his speech was slurred.

Officer Brown then administered the horizontal gaze and vertical nystagmus tests, to which appellant exhibited all six indicia of intoxication. Appellant was unable to complete the one-leg stand sobriety test and was unable to retain his balance on the nine-step walk-and-turn task. After completing the tests, appellant told

Brown that he had consumed only two beers. Flowers was then arrested. At the police station, appellant refused to take either a breath or blood test to determine his alcohol level.

## Discussion

### *Standard of Review*

In 12 issues presented for review, appellant complains of ineffective assistance of counsel during the guilt/innocence stage of his trial. In reviewing an ineffective assistance of counsel claim, we evaluate the effectiveness of counsel under the two-pronged test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 988 S.W.2d 770, 770 (Tex.Crim.App. 1999). First, the defendant must show that his counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. To prove this deficiency in representation, the defendant must demonstrate that his counsel's performance deviated from prevailing professional norms. *Id.* Second, the defendant must show prejudice. This requires the defendant to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Id.* at 697, 104 S.Ct. at 2069. Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

We cannot speculate beyond the record provided. Rather, a reviewing court must presume that the actions were taken as part of a strategic plan for representing

the client. *Young v. State,* 991 S.W.2d 835, 837–38 (Tex.Crim.App.1999). Appellant must overcome the presumption that trial counsel's strategy was sound and affirmatively demonstrate the alleged ineffective assistance of counsel. *Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App. 2003); *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App.2000); *Thompson,* 9 S.W.3d at 813–14.

### Ineffective Assistance of Counsel Issues

#### Prior DWI Convictions

In his first four issues presented for review, appellant argues that he was denied effective assistance of counsel by his trial counsel's failure to prevent the jury from learning of his prior DWI convictions. All four issues are governed by the recent Court of Criminal Appeals decision in *Hollen v. State,* 117 S.W.3d 798 (Tex.Crim. App.2003).

In *Hollen,* the Court of Criminal Appeals addressed whether the jury should be informed of a defendant's stipulation to two prior DWI convictions and whether the stipulation itself was admissible. *Id.* at 799. The facts of *Hollen* are quite similar to the present case. In *Hollen,* appellant was indicted for felony DWI, and the indictment contained allegations of two prior DWI convictions, to which appellant provided a stipulation. *Id.* at 799. Although the State refrained from introducing any extrinsic evidence of the convictions stipulated to by appellant at trial, appellant argued that the State should not have been permitted to mention the prior convictions, including the stipulation, at any time. After appellant's objections were overruled, the indictment allegations regarding the prior convictions were read to the jury; the State referenced the prior convictions in voir dire, opening statement, and closing argument; the stipulation was admitted into evidence; and the jury charge mentioned the prior convictions along with a limiting instruction. *Id.*

The Court of Criminal Appeals noted that prior case law had (1) emphasized that the two prior convictions are jurisdictional elements that must be proved in order to convict a defendant for felony DWI, and (2) suggested that the jury should be informed of the stipulation because the prior convictions stipulated to must be proved to establish and prove felony DWI. *Hollen,* 117 S.W.3d at 801–02; *see Hernandez v. State,* 109 S.W.3d 491, 495 (Tex.Crim.App. 2003); *Barfield v. State,* 63 S.W.3d 446, 448 (Tex.Crim.App.2001). Therefore, the Court concluded that the jury could be informed of the stipulation and the stipulation could be admitted into evidence. *Hollen,* 117 S.W.3d at 801–02. Furthermore, "since the two prior offenses were validly mentioned in the indictment and validly introduced into evidence via the stipulation, there was likewise no error in the jury instructions [referring to the two prior convictions], and the prior convictions were the legitimate subject of voir dire, opening statements, and closing arguments." *Id.* at 802.

In the present case, appellant contends that his trial counsel was ineffective because he (1) failed to prevent the State from mentioning to the venire that appellant was charged with a felony DWI offense and had two prior DWI convictions, (2) failed to object to the State's reading of the DWI enhancement paragraphs to the jury at the beginning of the trial, (3) failed to object to the State's publication to the jury of appellant's stipulation to the DWI enhancements, and (4) failed to object to the mention of the DWI enhancements in the jury charge. However, all of these points can be dismissed under *Hollen* because, even if counsel had objected, the trial court would not have erred in admitting the testimony or evidence. Therefore,

appellant cannot demonstrate counsel's performance fell below an objective standard of reasonableness on this basis.

We overrule appellant's first through fourth issues.

We affirm the judgment of the trial court.