Opinion issued February 23, 2006                    
                        



 





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00358-CR




JOSE EFRAIN VEGA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 974863



 
MEMORANDUM OPINION

          A jury found appellant, Jose Efrain Vega, guilty of aggravated sexual assault of
a child. See Tex. Pen. Code Ann. § 22.021(a) (Vernon Supp. 2005). The trial court
assessed appellant’s punishment at 18 years in prison. We address (1) whether
appellant was denied effective assistance of counsel when trial counsel failed to
challenge the hearsay testimony of three outcry witnesses and (2) whether the trial
court erred by denying appellant the opportunity to question a State’s witness about
her bias or interest. We affirm.
Factual BackgroundWhen D.A. was approximately six years old, appellant touched D.A.’s legs
underneath her pajamas and “rubbed [his hand] against [her] private part.”


 Appellant
then took off D.A.’s pants and had sex with her. D.A. began to cry, and appellant
showed her a gun and threatened to harm her and her mother. D.A. remained silent
because she was afraid that appellant would harm her mother. When D.A. was
approximately nine years old, appellant pulled D.A.’s pants off and applied cream to
her “private area” with his hand. D.A. did not report this incident either because she
was afraid of appellant.
          When she was nine years old, D.A. moved away from appellant and her mother
to live with her aunt, Mary Hernandez, for about a year. When she was 11, D.A.
moved again to live with her aunt, Bonita Garcia, at which time she told Garcia that
she had been raped by Alex, her aunt Norma Castillo’s (“Norma”) boyfriend, not
appellant. In December 2003, when D.A. was 13 years old, she told her mother, Dora
Castillo (“Dora”), another aunt, Norma, and her grandmother, Esperanza Arredondo,
that she had been sexually assaulted. She initially told them that “Alex ” had raped
her. When Arredondo took D.A. into another room alone and instructed her to tell the
truth, D.A. admitted that appellant had assaulted her.
            Prior to trial, the State filed a notice of intention to use a child-abuse victim’s
hearsay statement. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2005). The
notice referenced three outcry witnesses: “Dora Castillo, Norma Castillo, and Lisa
Holcomb.” At trial, Dora, Norma, and Arredondo testified regarding D.A.’s statement
to them about appellant’s having sexually assaulted her.


Ineffective Assistance of Counsel
          In point of error one, appellant argues that he was denied effective assistance
of counsel because his attorney failed to request an article 38.072 hearing and failed
to object to the hearsay testimony of the three outcry witnesses. See id. The State
contends that, because there was no motion-for-new-trial hearing to establish the
reasons for trial counsel’s actions and because counsel’s strategy cannot be determined
from the record, appellant has not rebutted the presumption that he received
reasonable assistance of counsel. See Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). Moreover, the State argues that, even if trial counsel’s
representation was deficient, appellant has not shown the result of the proceedings
would have been different.
          A child-abuse victim’s statement to another is not inadmissible hearsay if the
statement describes the alleged offense and the person to whom the statement is made
is at least 18 years old and is the first person to whom the child made a statement
about the offense. Tex. Code Crim. Proc. Ann. art. 38.072. Article 38.072 requires
that (1) notice of the intent to offer the statement be given before trial; (2) the
defendant be notified of the identity of the outcry witness and given a written summary
of the outcry witness’s testimony; (3) the trial court find, in a hearing conducted
outside the presence of the jury, that the statement is reliable based on the time,
content, and circumstances of the statement; and (4) the child testify or be made
available to testify. Id. § 2(b).
          Both the United States and Texas Constitutions guarantee an accused the right
to reasonably effective assistance of counsel. U.S. Const. amend. VI; Tex. Const.
art. I, § 10; see also Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To
prove ineffective assistance of counsel, an appellant must show that (1) defense
counsel’s representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and (2) the result of the proceeding would have been
different but for defense counsel’s deficient performance. Strickland, 466 U.S. at
688-92, 104 S. Ct. at 2064-67; see Thompson, 9 S.W.3d at 812. Appellant has the
burden of proving his claim by a preponderance of the evidence. Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). We apply a strong presumption that defense
counsel was competent. Thompson, 9 S.W.3d at 813. It is presumed that defense
counsel’s strategy was sound and that the representation was reasonable. Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). In assessing
whether a defendant has overcome these presumptions, we are limited to the facts of
the case. Thompson, 9 S.W.3d at 813.
          An appellant “making a claim of ineffective assistance must identify the acts or
omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2052. Any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813.
We cannot speculate beyond the record provided. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).
 
          The Court of Criminal Appeals of Texas has held that a motion for new trial
asserting ineffective assistance of counsel is not required to preserve that claim.
Robinson v. State, 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). A timely filed
appeal is a proper procedure for seeking relief regarding ineffective assistance of
counsel. Id. A hearing on a motion for new trial is required only when the motion
raises matters extrinsic to the record. Rivera v. State, 123 S.W.3d 21, 29 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). When an appellant’s allegations of
ineffective assistance of counsel are firmly founded and affirmatively demonstrated
in the record, no new-trial or other evidentiary hearing is required. Id.; see McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Thus, “in the rare case” in
which the record suffices “to prove that counsel’s performance was deficient” despite
the record’s silence concerning counsel’s strategy, “an appellate court should
obviously address the [ineffective-assistance] claim . . . .” Robinson, 16 S.W.3d at 813
n.7. 
          Appellant did not file a motion for a new trial, nor was a hearing held to
determine trial counsel’s reasons for the complained-of omission. Appellant has thus
failed to overcome the presumption that counsel could have acted pursuant to sound
strategy. See Gibbs v. State, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d). Appellant contends that this is one of those “rare cases” in which a record 
 
silent as to counsel’s reasoning nonetheless reveals counsel’s deficiency. See
Robinson, 16 S.W.3d at 813 n.7. We disagree.
          The record demonstrates two reasons that trial counsel may have chosen not to
object to the testimony of Dora, Norma, and Arredondo, which testimony related the
statement of D.A. that appellant had sexually assaulted her. The first reason is that
trial counsel may have concluded that his attack on D.A.’s credibility through cross-examination allowed the State to introduce the statement of D.A. to Dora, Norma, and
Arredondo to show a prior consistent statement. Such a statement is not considered
hearsay under rule 801(e)(1)(B) of the Texas Rules of Evidence. See Tex. R. Evid.
801(e)(1)(B).


 It is not ineffective assistance of counsel to refrain from objecting to
admissible evidence. See Flowers v. State, 124 S.W.3d 801, 804 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d) (holding that trial counsel was not
ineffective for failing to object because, even if counsel had objected, trial court would
not have erred in admitting testimony or evidence).
          The second reason is that trial counsel relied heavily on D.A.’s having initially
told Dora, Norma, and Arredondo that it was Alex who had sexually assaulted her. 
Trial counsel’s strategy was to imply that Arredondo had convinced D.A. to say that
it was appellant, rather than Alex, who had raped her. This strategy realized that D.A.
had changed her statement from identifying Alex to identifying appellant as the person
who had sexually assaulted her. 
          For example, the record reflects that appellant’s trial counsel asked Dora the
following questions on cross-examination:
[TRIAL COUNSEL]: You testified, ma’am, that your
daughter, [D.A.], stated that it was Alex who had sexually
assaulted her; correct?
 
[DORA]: Yes.
. . .
[TRIAL COUNSEL]: And you testified that she blamed
Alex at first because he was not present and not part of the
family.
 
[DORA]: Exactly.
[TRIAL COUNSEL]: Well, was [appellant] present?
 
[DORA]: No.
[TRIAL COUNSEL]: Is he part of the family?
[DORA]: My son has his blood, so I think so.
The record reflects that appellant’s counsel asked Norma the following questions:
[TRIAL COUNSEL]: When you went at [sic] your mother’s
house—when you asked [D.A.], “Are you telling the truth”
when she told you about Alex what did she say?
[NORMA]: She started crying.
[TRIAL COUNSEL]: So she didn’t respond to you at all?
Yes or no?
 
[NORMA]: She didn’t respond to me. My mom grabbed her
and took her to the room.
 
[TRIAL COUNSEL]: So before she could respond, your
mother took her to the room; is that correct?
 
[NORMA]:Yes, ma’am.
 
[TRIAL COUNSEL]: Now, when she described to you what
happened to her, didn’t —did she not tell you that when
[appellant] allegedly raped her he would come into the room
where she was reading a book and tried to slap her around
a little bit? Did she tell you that?
 
[NORMA]: She told me that [appellant] slapped her when
he was doing that. She told me [appellant] had a gun. She
told me [appellant] covered her mouth. And she told me
that, “It’s embarrassing for me to say this” how [appellant]
was putting her to do that. 
. . .
[TRIAL COUNSEL]: But you’re stating that she did lie on
Alex [about having raped her]; is that correct?
 
[NORMA]: Yes.
The record reflects that appellant’s counsel asked Arredondo the following questions
on cross-examination:



[TRIAL COUNSEL]: Good. Would you describe [your
relationship with D.A.] as being close?
 
[ARREDONDO]: Yes.
[TRIAL COUNSEL]: Okay. And [Dora] never told you that
anyone had raped her up until December 2003? 
 
[ARREDONDO]: Yes.
 
. . .
 
[TRIAL COUNSEL]: You don’t want to believe it was
Alex, do you?
 
[ARREDONDO]: It was not Alex.
                    . . .
                    [TRIAL COUNSEL]: And you’ve decided that it wasn’t Alex?
[ARREDONDO]: It was not him.
Under these circumstances, we cannot say that trial counsel’s failure to challenge the
outcry statements could not have been a plausible trial strategy. 
 
          Accordingly, appellant has not overcome the strong presumption of reasonable
professional assistance. See Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App.
2001). 
          We overrule appellant’s point of error one.
Witness Bias
          In point of error two, appellant argues that the trial court erred when it denied
him the opportunity to question Arredondo about her bias or interest.
          On cross-examination, appellant’s counsel inquired: 
[APPELLANT]: Do you like Alex?
[STATE]: Objection to the relevance.
THE COURT: Sustained.
          To preserve a complaint that the trial court erroneously excluded evidence, the
complaining party must bring forward a record indicating the nature of the evidence. 
Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Error in the exclusion of
evidence may not be asserted on appeal unless the proponent perfected an offer of
proof or a bill of exception. Id. Absent a showing of what such testimony would have
been, or an offer of a statement concerning what the excluded evidence would have
shown, nothing is preserved for appellate review. Id.
          
          The record in this case does not indicate what the excluded testimony would
have been. Appellant did not make or request the opportunity to make an offer of
proof of his intended cross-examination of Arredondo. Therefore, appellant did not
preserve error as to his second point of error, and we need not reach its merits. See
Guidry, 9 S.W.3d at 153; see also Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2).
          We overrule appellant’s point of error two.                                                    
Conclusion
          We affirm the judgment of the trial court.                                                                    

                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).