Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00897-CR

Raymond T. **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR3140
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 2, 2009

AFFIRMED

Raymond T. Garcia was convicted of driving while intoxicated.  On appeal, Garcia

challenges the sufficiency of the evidence to support his conviction and contends the trial court erred

in overruling his objections to improper jury argument.  We affirm the trial court's judgment.

## SUFFICIENCY OF THE EVIDENCE

In order for evidence to be legally sufficient, it must "convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). We review the legal sufficiency of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). As the exclusive judge of the credibility of witnesses, the jury may choose to believe all, some, or none of the testimony or evidence presented. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

In conducting a factual sufficiency review, we view all of the evidence in a neutral light and set aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). In reviewing a factual sufficiency challenge "the appellate court should be mindful that a jury has already passed on the facts, and convicted, and that the court should never order a new trial simply because it disagrees with the verdict, but only where it seems to the court to represent a manifest injustice." *Watson v. State,* 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

The only element of the driving while intoxicated offense that Garcia challenges is the jury's finding that he was intoxicated. *See* TEX. PEN. CODE ANN. § 49.07 (Vernon 2003). In this case, the jury was charged that intoxication meant not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body. *See id*. at § 49.01(2)(A).

Officer Jesus M. Oliva, a twenty-year veteran with the police department, testified that he had special training in field sobriety and received additional training every two to three years. Officer Oliva stated that he had investigated two hundred to five hundred cases involving DWI.

On the night in question, Officer Oliva was working the night shift. Around midnight, Officer Oliva observed a motor vehicle accelerate to twenty miles over the speed limit. Officer Oliva was able to determine the speed of the motor vehicle using his radar. Officer Oliva activated his lights and siren to initiate a traffic stop. When the motor vehicle stopped on the shoulder of the highway, the driver could not have exited the vehicle without the door extending into the first lane of traffic. Officer Oliva positioned his vehicle to provide cover for both vehicles. Given the manner in which the driver parked, Officer Oliva walked around the back of his vehicle and approached the passenger side of the vehicle.

As he approached the window, Officer Oliva immediately detected the odor of intoxicants and shined his light inside the car. He observed Garcia, the driver, had bloodshot eyes and slurred speech, and was slow in his actions. Officer Oliva asked Garcia to exit and proceed to the back right of his vehicle. Although Garcia attempted to recite the alphabet, Officer Oliva testified that he fared poorly. Officer Oilva also testified that Garcia swayed as he stood.

In response to Officer Oliva stating his intentions to perform an HGN test, Garcia stated that he was resisting. Alarmed that Garcia meant he intended to resist arrest, Officer Oliva asked whether Garcia meant he was refusing the test. Garcia clarified that he was refusing everything because this was going to be his third DWI, and he had been told to refuse everything. Garcia stated that both he and his girlfriend, who was a passenger in the car, were drunk, and he would rather take a DWI than his girlfriend. Officer Oliva placed Garcia under arrest. Officer Oliva testified that he believed

Garcia had lost the normal use of his mental and physical faculties. After Officer Oliva transported Garcia to the police station, Garcia refused to consent to a breath test.

During cross-examination, Officer Oliva stated that his car was not equipped with a camera because he is not assigned to the DWI unit. Officer Oliva testified that he interpreted Garcia's refusal of everything to include a refusal to be videotaped at the station; however, he stated that Garcia did not specifically refuse to be videotaped. Officer Oliva agreed that a videotape would be useful evidence. Officer Oliva then testified regarding the various boxes that were and were not checked on his report form. For example, although Officer Oliva did not check that Garcia swayed in his balance, Officer Oliva did check that Garcia was unsure in his balance. Officer Oliva agreed that Garcia did not have trouble finding his driver's license. On re-direct examination, Officer Oliva clarified that he marked the following on his report: strong odor of intoxicants, slurred speech, unsure balance, hesitant in walking, and hesitant in turning.

The testimony of Officer Oliva and Garcia's refusal to provide a breath specimen is legally and factually sufficient evidence to support the jury's finding that Garcia was intoxicated. *See Burkett v. State*, 179 S.W.3d 18, 25-27 (Tex. App.—San Antonio 2005, no pet.); *see also* TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999) ("A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood ... may be introduced into evidence at the person's trial"); *Gaddis v. State*, 753 S.W.2d 396, 399-400 (Tex. Crim. App. 1988) (the jury may infer guilt from a defendant's refusal to take a breath test); *Blank v. State*, 172 S.W.3d 673, 675-76 (Tex. App.—San Antonio 2005, no pet.) (holding officers' testimony regarding their conclusions that defendant was driving while intoxicated to be legally and factually sufficient evidence to support a conviction). Garcia's challenge to the sufficiency of the evidence is overruled.

## IMPROPER JURY ARGUMENT

Plea for law enforcement is one of the general areas of proper jury argument. *Flowers v. State*, 124 S.W.3d 801, 804 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Rivera v. State*, 82 S.W.3d 64, 68 (Tex. App.—San Antonio 2002, pet. ref'd). Remarks made during jury argument must be considered in context. *Rivera*, 82 S.W.3d at 68.

Simply mentioning the community is not necessarily improper during jury argument. *Harris v. State*, 122 S.W.3d 871, 888 (Tex. App.—Fort Worth 2003, pet. ref'd); *Rivera*, 82 S.W.3d at 69. A prosecutor may remind the jury that it is representative of the community and request the jury to "represent the community" and to "send a message." *Harris*, 122 S.W.3d at 888; *Rivera*, 82 S.W.3d at 69. The State may also argue the relationship between the jury's verdict and the deterrence of crime, the jury's ability to deter specific crimes by its verdict, and the impact of the jury's verdict on the community. *Rivera*, 82 S.W.3d at 69 (referring to argument requesting jury to send message that behavior in question will not be tolerated in community as proper argument). An argument that the jury can take into consideration what is best for society is also proper jury argument. *Jenkins v. State*, 912 S.W.2d 793, 820-21 (Tex. Crim. App. 1993). The prosecutor may not, however, refer directly to the demands or expectation of the community for a particular verdict. *Rivera*, 82 S.W.3d at 69 (noting argument that only particular verdict would provide community any satisfaction or suggesting that community would not be satisfied with probation is improper argument).

In this case, Garcia complains about the following argument by the State:

MS. PENA: . . . . These cases are tough. Because for the majority of DWI cases, we see them as victimless crimes. Because, thanks be to God, the majority of these cases don't end in death and don't end in serious bodily injury. But we do see it and it does happen. And it's tough because when you're dealing with a case like this, I don't have a child or a person to come up here and tell you what a bad thing happened to them. I don't have that. You know why? **Because the victims in these**

**cases are you and myself and anybody who gets on a road at any time of the day and puts trust in other people that they are not going to consume alcohol and not going to become intoxicated and not going to be getting on the road.** That's why these cases are tough. And they're also tough because it happens. It happens to all kinds of people. And the only way to curb it, to stop it, is to stand up and say, I'm not going to take it any more. Our community needs to stop this. And this is where it starts. What you say here is going to set a standard. Because if you say, Officer, too bad for you, you should have dragged him into that room.

MR. QUINTANILLA: I object, Your Honor. This is inflammatory jury argument, Judge. It's a plea for law enforcement, and it's improper argument and I object to this.

THE COURT: All right. Overruled.

MS. PENA: What you say here today is going to set a standard. It's going to tell this officer that, one, he should have dragged him into that room; and two, don't you dare file a DWI case unless you have a field sobriety test or a breath test or a video. I don't care what you say, I want more. So, make no mistake about it, you-all are setting a bar. You-all are telling the community what they can and cannot get away with. **You are going to tell them if they refuse everything that they can get on that road, at any time of the day, consume any amount of alcohol and drive.**

MR. QUINTANILLA: I object, Your Honor. It's simply not the case; that's improper. I object to this line of argument, inflammatory.

THE COURT: All right. Overruled.

In context, the statements Garcia highlights from the State's closing argument are a proper plea for law enforcement. The prosecutor's argument was focused on the jury as a representative of the community and the deterrence of DWIs. *See Flowers*, 124 S.W.3d at 804; *Rivera*, 82 S.W.3d at 69. The argument also properly requested the jury to consider society's best interest in preventing DWIs. *See Jenkins*, 912 S.W.2d at 821. The argument did not assert that the jury should return a verdict of guilty because the community expected it. *See Rivera*, 82 S.W.3d at 69. Instead, the argument requested the jury to represent the community and send a message, which is proper jury

argument.  *See Rivera*, 82 S.W.3d at 69.  Accordingly, Garcia's complaint regarding improper jury argument is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH