Opinion issued July 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00342-CR

01-10-00343-CR

———————————

Francisco Arcos, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court 

Harris County, Texas



Trial Court Case Nos. 1,175,636 & 1,175,637 

 



 

MEMORANDUM OPINION

          A
jury convicted Francisco Arcos of two felony offenses of aggravated sexual
assault of a child. The jury assessed punishment at 50 years’ confinement for
each offense, to run concurrently.  In
two points of error, appellant contends that (1) the trial court erred in
permitting more than one outcry witness, and (2) he was denied effective
assistance of counsel because trial counsel failed to object to inadmissible
hearsay testimony. We affirm.

BACKGROUND

          Appellant
is the father of the complainant, and was married to Zurisadai Cabanas, the
complainant’s mother, at the time of the assault. Cabanas testified that the
night of September 14, 2007, appellant returned home from work after drinking
with a co-worker to find his wife and daughters watching television in one of
the home’s bedrooms. After greeting his family, appellant and his oldest
daughter, A.A.—then six years old—watched television away from the family in the
living room. A few minutes later, appellant and A.A. went into the master
bedroom and shut the door. 

          Cabanas
became suspicious when she stopped hearing the two from inside the bedroom. Discovering
the door was locked, Cabanas fetched pruning scissors to pry open the door. When
she entered the room, she found appellant naked, face-up on the bed, with an
erection. A.A’s arm and hand were draped over him. A.A. was also naked except
for a t-shirt. Cabanas called the police and told A.A. to get dressed. While
this was occurring, appellant stood up and put on some boxers. When Cabanas asked
what he had been doing with A.A., appellant said nothing except that he would
wait for the police on the bed. 

          Officer
Michael Santos was the first to arrive. Officer Santos testified he found
appellant still lying on the bed, seemingly asleep. Officer Santos doubted appellant
was asleep because of the general level of noise and activity in the small
house. After being awakened, appellant sat up and acted confused about the
police presence. Officer Santos handcuffed appellant, helped him dress, and
placed him in the back of the police car. 

          After
he detained appellant, Officer Santos talked to A.A. about what happened in the
bedroom. A.A. said the appellant just tickled her at first, but then proceeded
to kiss her and remove her clothing. He placed his hand on her vagina, penetrated
her with his fingers, and performed oral sex on her. This continued until
appellant heard Cabanas trying to open the door. 

          Following
the interview, Cabanas and A.A. were taken by ambulance to a nearby emergency
room, where A.A. was examined by Donna Layton, a forensic nurse. Layton was
also trained as a sexual assault examination nurse. 

          Layton’s
examination revealed small tears in A.A.’s hymen, as well as general irritation,
redness, and swelling inside her vagina. Layton testified this was consistent
with a sexual assault. Layton also interviewed A.A. about what happened and who
might have abused her. During the course of the interview, A.A. said her father
had touched her vagina and performed oral sex on her.

          Before
trial, the State sought to designate Officer Santos, A.A.’s mother Zurisadai
Cabanas, and Nurse Layton as outcry witnesses to permit them to testify at
trial about what A.A. told them without violating the court’s prohibitions
against hearsay. After hearing each party’s arguments, the trial court determined
the State could only classify one person as the outcry witness. The State
designated Officer Santos. 

          During
a trial recess, the State again argued the mother and Nurse Layton should be
designated as outcry witnesses. Counsel for appellant repeated his objections. After reviewing the
cases, the trial judge affirmed that only Officer Santos could be the outcry
witness. Appellant’s counsel asked the court to restrict the testimony of the State’s
witnesses based on the decision. The trial judge agreed. 

[Defense Counsel]: For the record, Judge, can she
restrict her witnesses to any—your ruling now with regards to any testimony
with regards to the notice that she sent me as to outcry from each of these
witnesses[?]

 

[Trial Court]: Sure.

 

          However, the court
suggested Nurse Layton’s testimony might fit within the hearsay exception for
statements made for the purpose of a medical diagnosis. This would permit
Layton to recount A.A.’s statements even though she was not classified as an
outcry witness. 

 

          The
next day, during the direct examination of Nurse Layton, the State asked her
about A.A.’s comments:

[Prosecutor]: In fact, can
you do your job without knowing what happened to the child?

 

[Layton]: I could but it
wouldn’t be as accurate as needed.

 

[Prosecutor]: What did the
child tell you the reason [sic] she was there?

 

. . . .

 

[Defense Counsel]: I will
object. Never mind. Withdraw my question.

 

[Layton]: Through the
interpreter she stated, my daddy kissed me on my [vagina] and touched it with
his hand. 

 

HEARSAY

          “Hearsay” is a statement,
other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove
the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is inadmissible except as provided by
statute or rules prescribed pursuant to statutory authority. Tex. R. Evid.
802. One statutory exception is Article 38.072 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2005). Article 38.072
permits an adult to give hearsay testimony at trial recounting a child victim’s
statements about her sexual assault if the testimony meets the statutory
provisions listed in 38.072. Id. For
example, only the first adult to whom the child reveals details about the
assault may be considered an outcry witness, with some exceptions. See id. at § 2 (a)(2). As both parties acknowledge, Officer
Santos was properly designated an outcry witness by the trial court.

          In his first point of error, appellant
argues that because Nurse Layton could not be an outcry witness, her testimony
recounting A.A.’s statement revealing the nature of the abuse and identity of
her abuser should have been excluded as hearsay. Appellant further contends
that without Layton’s statement, the jury would not have found appellant
guilty. 

          In
response, the State argues the appellant waived any error because he failed to
object and preserve the error for appellate review. The State notes that while
counsel for appellant initially objected, he subsequently withdrew the
objection. 

Preservation of Error

          In order to preserve error
for appellate review, an appellant must make a proper and specific objection
and receive an adverse ruling on that objection. Tex. R. App. P. 33.1; see Diaz v. State, 125 S.W.3d 739, 743 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). Texas law generally
requires a party to continue objecting each time inadmissible evidence is
offered. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim.
App. 1991); Thierry v. State,
288 S.W.3d 80, 88 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d). Error is waived if the same evidence comes
in elsewhere without objection. Hudson v. State, 675 S.W.2d
507, 511 (Tex. Crim. App. 1984); Duncan
v. State, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). 

          In this case, appellant’s counsel
sought to limit the testimony of the State’s witnesses based on the trial
court’s decision limiting the prosecutor to one outcry witness. However, if
Nurse Layton’s testimony was inadmissible hearsay, as appellant now argues, he had
the burden to preserve the error through a proper objection. While he made an
initial objection, the error is not preserved for appellate review if the
objection is subsequently withdrawn. See Salazar
v. State, 38 S.W.3d 141, 148 n.3 (Tex. Crim. App. 2001). The record must
show that the complaining party gave the trial court an opportunity to rule on
the complaint by presenting that complaint to the trial court in a specific and
timely objection. See Tex. R. App. P. 33.1(a); Geuder v. State, 115
S.W.3d 11, 13 (Tex. Crim. App.2003); Martinez v. State, 98 S.W.3d 189,
193 (Tex. Crim. App. 2003); Lankston v. State, 827 S.W.2d 907, 909
(Tex. Crim. App. 1992). Because the appellant withdrew his objection and never
gave the court a chance to consider whether Layton’s testimony was hearsay, he cannot
raise it now. We overrule appellant’s first point of error. 

Ineffective Assistance of Counsel

          In his second
point of error, appellant contends that his trial counsel rendered ineffective
assistance when, during the
punishment phase, his trial counsel failed to make a hearsay objection to Donna
Layton’s testimony about A.A.’s statements regarding why she went to the
hospital, failed to request a jury instruction to disregard Layton’s
statements, and failed to move for a mistrial because of Layton’s statements.

Standard of Review

          To
prevail on a claim of ineffective
assistance of counsel, an appellant must satisfy the
standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). First, an appellant must prove by a preponderance of
the evidence that counsel’s performance fell below an objective standard of
reasonableness. See id. at 687–88, 104 S. Ct. at 2064; Ex parte
Ellis, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007). Second, an appellant
must show that counsel’s deficient performance prejudiced or harmed his
defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. This requires
a showing that counsel’s errors undermined the confidence in the result from trial.
Ex parte Ellis, 233 S.W.3d at 330; Jaenicke v. State, 109 S.W.3d
793, 797 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). An appellant bears
the burden of overcoming the “strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance.” Ex parte
Ellis, 233 S.W.3d at 330 (quoting Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999)).

          The Court of Criminal
Appeals has stated that appellate courts should not find counsel ineffective
unless the counsel’s performance was “so outrageous that no competent attorney
would have engaged in it.” Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001). Thus, any alleged ineffectiveness must be founded and demonstrated
in the record. Thompson, 9 S.W.3d at 813–14. As a result, “the record on
direct appeal is in almost all cases inadequate to show that counsel’s conduct
fell below an objectively reasonable standard of performance.” Andrews v.
State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005); see also Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (“[R]arely will the trial
record contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation.”).

Analysis

           Here, there was no motion for a new trial and
there is nothing in the record that explains why counsel failed to object or
request a preliminary hearing regarding the admissibility of Nurse Layton’s
testimony. This Court has held that when the record is silent, the court will
not speculate about trial counsel’s strategy or reasoning to find counsel
ineffective. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st
Dist.] 1996, no pet.). 

          A failure to
make an objection does not automatically demonstrate ineffective assistance of
counsel. Ryan v. State, 937 S.W.2d 93,103 (Tex. App.— Beaumont 1996,
pet. ref’d), see also Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984) (en banc) (“An isolated failure to
object to certain procedural mistakes or improper evidence does not constitute
ineffective assistance of counsel.”); Garcia-Sandoval v. State, No. 01-08-00842-CR, 2010 WL
1571207, at *3 (Tex. App.—Houston [1st Dist.] Apr. 8, 2010, no pet.) (mem. op.,
not designated for publication) (“Mere
identification of instances in which counsel did not make an evidentiary
objection, without more, does not establish deficient performance of counsel
for the purposes of an ineffective-assistance claim.”).
The act, or lack thereof, must be so egregious that no reasonable
attorney would act in this manner. Without a trial record demonstrating
counsel’s reasons, we must determine whether counsel’s actions conform to a
reasonable trial strategy. Garcia, 57 S.W.3d at 440.

          The
record indicates two possible reasons why the appellant’s counsel did not
object to the hearsay testimony. First, the day before Nurse Layton testified,
the court discussed her upcoming testimony with both parties’ counsel. The
court noted, as an aside, that Layton’s comments likely fell within the hearsay
exception for statements made for the purpose of medical diagnosis. See Tex.
R. Evid. 803(4). It is
not ineffective assistance of counsel to refrain from objecting to admissible
evidence. See Flowers v. State, 124 S.W.3d 801, 803–04 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d) (holding that trial counsel was not ineffective
for failing to object because, even if counsel had objected, trial court would
not have erred in admitting testimony or evidence). 

          Second, the record indicates the State
intended to designate Nurse Layton as an outcry witness to introduce statements
by A.A. about additional sexual acts by appellant. However,
the trial court did not permit the state to name multiple outcry witnesses to
introduce these additional statements. Appellant’s counsel could have withdrawn
the objection to not draw additional attention to Nurse Layton’s statements, or
he may have withdrawn the objection to avoid initiating another hearing on
whether Nurse Layton could be designated as an outcry witness. 

          Appellant’s reliance on Ex parte Welborn, 785 S.W.2d 391 (Tex.
Crim. App. 1990), and Greene v. State, 928
S.W.2d 119 (Tex. App.—San Antonio 1996, no pet.), is misplaced. Appellant
points to Welborn and Greene in support of the proposition
that multiple small errors over the course of a trial may, in the aggregate, be
sufficient to demonstrate ineffective assistance of counsel. See Welborn,
785 S.W.2d at 396; Greene, 928 S.W.2d
at 126–27. This is distinguishable because
in this case appellant only complains about the failure to object to the one
statement by Nurse Layton, not the pattern of errors seen in Welborn or Greene. 

          Because
appellant has not demonstrated his counsel’s performance was objectively
unreasonable under Strickland’s first
prong, he failed to demonstrate he received ineffective assistance of counsel. We
overrule appellant’s second point of error.

 

CONCLUSION

We affirm the trial court’s judgment.

 

 

Sherry Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice Radack and Justices Sharp
and Brown.

Do not publish. Tex.
R. App. P. 47.2(b).