**Opinion issued March 12, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00083-CR

————————————

## CHRISTOPHER MICHAEL LINDGREN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 85th District Court**
**Brazos County, Texas**
**Trial Court Case No. 10-1703-CRF-85**

---

### MEMORANDUM OPINION

The State charged Christopher Lindgren with theft of property valued at less

than $1,500, with two or more prior convictions, a state jail felony. *See* TEX.

PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012). A jury heard the case

against Lindgren and found him guilty of the offense. Lindgren and the State reached a plea deal as to punishment: two years' incarceration, to be probated for five years, contingent on Lindgren's payment of a $500 fine, completion of anger management classes, and service of 90 days' detention in the Brazos County Jail. On appeal, Lindgren contends that (1) the evidence is insufficient to support his conviction, and (2) the trial court erred in admitting evidence of Lindgren's two prior theft convictions. We affirm.

## Background

### I. Facts

One afternoon in January 2010, Lindgren entered an H.E.B. Supermarket in Brazos County, Texas, and headed to the aisle containing DVDs for sale. Jonathan Carrizales, the store's Loss Prevention Manager, was on duty that day. Lindgren caught Carrizales's attention when he entered the store. Carrizales followed Lindgren and saw him select a DVD, then head for the baby care products aisle. The store has apprehended many shoplifters in that area because that aisle has no surveillance camera. Carrizales continued to observe Lindgren as he unwrapped the DVD and put it inside the front of his pants. Then, Lindgren grabbed packages of baby wipes and diapers headed out of the baby care products aisle. When Lindgren left, Carrizales retrieved the discarded DVD wrapper and followed

2

Lindgren to the front of the store. Lindgren purchased the baby care products, but not the DVD, which was concealed in his pants.

Lindgren left the store through the side doors near the pharmacy. No security alarm sounded; Lindgren had removed the DVD's sensor when he took off its clear plastic wrapper. When Lindgren exited the store, Carrizales caught up with him and confronted him. Carrizales asked Lindgren to return inside and asked him where the DVD was. He accompanied Lindgren to a register, where Lindgren pulled the DVD from his pants, placed it on the register belt, and said, "I want to pay for that."

From the back office, Store Manager Neil Krebs saw Lindgren remove the DVD from his pants and place it on the counter. Carrizales notified Krebs that he had apprehended Lindgren and called the police. According to H.E.B. policy, Krebs waited in the office with Carrizales and Lindgren for the police to arrive. As they waited, Lindgren became belligerent; he threatened Krebs and Carrizales that he would assault them if he encountered them in the street, and he also insulted a supervisor who stopped by the office.

Lindgren testified in his own defense. He denied stealing the DVD and explained that he had stopped by the DVD section to select a Wall-E DVD for his girlfriend's three-month-old son, but then decided it was too expensive. Lindgren explained that would not have stolen a DVD; he carried approximately ninety

3

dollars, enough to cover his purchases and the DVD. According to Lindgren, the H.E.B. employees framed him because of something that happened while he was working at another H.E.B. in the area. Lindgren testified that, shortly after he completed some construction work on the home of an H.E.B. co-worker's brother, the police searched the home and found drugs. Lindgren believed that his co-workers thought he had reported the brother to the police and considered Lindgren a "snitch." Carrizales testified that he had not met Lindgren before apprehending him, but Lindgren told the jury that Carrizales was an acquaintance he met while playing darts.

## II.    *Proceedings below*

Lindgren's trial counsel moved to exclude evidence of Lindgren's two prior convictions before the guilt-innocence phase of trial. The motion declares that "[t]he Defendant is willing to stipulate outside the presence of the jury that he has twice before been convicted of theft." As relief, the motion requests that the trial court "order and instruct the District Attorney and the District Attorney's representatives and witnesses, not to elicit or give testimony respecting, alluding to . . . his prior convictions until a hearing has been held outside the presence of the jury, at which time this Court can determine the admissibility of such matters." In arguing the motion, trial counsel presented the proposed stipulation as follows:

4

DEFENSE COUNSEL: And, Judge, also for the sake of a complete record I would like to ask my client if he's willing to stipulate that he's twice before been convicted of theft offenses. And . . . would like to ask him that on the record . . . in support of my argument on his motion to exclude.

Counsel then turned to Lindgren and asked:

DEFENSE COUNSEL: And have I expressed to you that if the court were of a mind to grant the motion to exclude, it would be to your advantage to actually stipulate to the prior theft convictions?

APPELLANT: Yes, sir.

DEFENSE COUNSEL: And have — are you acknowledging for the limited purpose of this hearing that you've twice before been convicted of theft?

APPELLANT: Yes, sir.

The trial court heard further arguments from counsel and denied Lindgren's motion to exclude.

## Discussion

### I.     *Evidentiary Sufficiency*

#### A.     *Standard of review*

Under the sufficiency-of-the-evidence standard of review applicable to criminal cases, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct.

5

2781, 2789 (1979); *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in the light most favorable to the verdict, the evidence is insufficient in two circumstances: (1) when the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) when the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11; *Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750. Additionally, the evidence is insufficient as a matter of law if the acts alleged do not constitute the criminal offense charged. *Williams*, 235 S.W.3d at 750.

An appellate court determines "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* An appellate court presumes that the factfinder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. An appellate court also defers to the factfinder's evaluation of the evidence's credibility and weight. *See Williams*, 235 S.W.3d at 750.

6

### B.     *Theft of less than $1,500*

The legal sufficiency of the evidence is measured by the elements of the offense, as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The indictment charged that Lindgren "unlawfully appropriate[d], by acquiring or otherwise exercising control over property, to wit: A DVD, of the value of less than $1,500, from . . . H.E.B., the owner thereof, with intent to deprive the owner of the property," and that, before committing that offense, Lindgren had been twice convicted of theft, and identified those prior convictions. Under the applicable statute, a person commits theft if he unlawfully appropriates property with intent to deprive the owner of it without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(a) (West 2012).

### C.     *Analysis*

Carrizales testified that he watched Lindgren remove the wrapper from a DVD and stuff it down his pants, pick up some baby products, head to the front of the store, pay for the baby products, and then leave the store. The jury reasonably could have inferred from this testimony that Lindgren tore off the wrapper and concealed the DVD in his pants to avoid detection when he removed it from the store. Lindgren's attempt to conceal the DVD is probative of his awareness that he was engaging in wrongful conduct. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Tezino v. State*, 765 S.W.2d 482, 485 (Tex. App.—Houston [1st

7

Dist.] 1988, pet. ref'd). The jury was also entitled to reject Lindgren's explanation of the events as implausible. *See id.*

Lindgren observes that the State failed to corroborate many of the disputed facts, and its witnesses proffered inconsistent testimony about factual details, such as the placement of the price tag on the DVD and the precise manner in which Lindgren concealed the DVD on his person. He claims that Carrizales's eyewitness testimony should have been supplemented with video recordings from the store's security cameras and the jury should have had the opportunity to view the plastic wrap that, according to Carrizales's testimony, Lindgren had removed from the DVD case. But neither claim renders the conviction legally infirm. These observations instead challenge the credibility of the witnesses and the weight of the evidence, considerations that, out of deference to the fact-finder, do not play a part in our appellate review. *See Brooks v. State*, 323 S.W.3d 893, 899–90 (Tex. Crim. App. 2010). As the sole judge of a witness's credibility and the weight of the testimony, the jury was free to resolve conflicts in testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We hold that a rational trier of fact reasonably could have found that Lindgren appropriated the DVD—H.E.B.'s property—by acquiring or exercising control over it with the intent to deprive H.E.B. of it.

8

## II.    *Admissibility of prior convictions*

Lindgren relies on *Tamez v. State*, 11 S.W.3d 198 (Tex. Crim. App. 2000), in asserting that the trial court caused harmful error in admitting the judgments reflecting his two prior convictions.  In *Tamez*, the defendant was charged with driving while intoxicated, a third-degree felony if the State proves the defendant had two prior DWI convictions.  *Id.* at 199.  The indictment alleged that the defendant had six prior convictions.  *Id.*  The defendant offered to stipulate to two if the trial court excluded any evidence of the prior convictions at trial.  *Id.*  The trial court refused the offer, and, at the start of trial, over the defendant's objection, allowed the prosecutor to read the entire indictment to the jury.  *Id.* The trial court also admitted into evidence, over the defendant's objection, the prior judgments against him.  *Id.*

The Court of Criminal Appeals concluded that article 36.01 of the Texas Code of Criminal Procedure, which requires the indictment to be read to the jury, applies to allegations of prior convictions recited in the indictment, if they serve to establish jurisdiction and are elements of the charged offense, not merely for the purpose of enhancement in sentencing.  *Id.* at 203.  It reasoned:

In cases where the defendant agrees to stipulate to the two prior . . . convictions, we find that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions during the case-in-chief. This allows the jury to be informed of the precise terms of the charge against the accused, thereby meeting the rationale for reading the indictment, without subjecting the defendant to substantially prejudicial and improper evidence during the guilt/innocence phase of the trial.

11 S.W.3d at 202–03. But the Court held that the trial court had abused its discretion in admitting evidence beyond the two prior convictions that constitute an element of the crime.

Lindgren's case differs from *Tamez* in two significant respects: Lindgren did not make an unconditional offer to stipulate to his prior convictions, as the defendant did in *Tamez*, and the trial court did not admit any evidence of any conviction beyond the two necessary to prove the charged offense. Lindgren's stipulation to the prior theft convictions, which was conditioned on the trial court's ruling in his favor, had no effect outside of the pretrial hearing on his motion to exclude. Lindgren asked the trial court to prevent the State from making *any* mention of the fact of Lindgren's prior convictions during trial and that the stipulation be mentioned only "outside the presence of the jury." Even when the defendant stipulates to his prior convictions, however, they remain a legitimate subject of voir dire, opening statements, closing arguments, the reading of the indictment, and jury instructions. *See Hollen v. State*, 117 S.W.3d 798, 802 (Tex.

10

Crim. App. 2003) (declaring that "the jury should be informed of the stipulation, as the two prior convictions are elements of the offense that must be proven to the factfinder"); *Flowers v. State*, 124 S.W.3d 801, 803–04 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (relying on *Hollen* to reject claim of ineffective assistance based on trial counsel's failure to object to State's publication to jury of defendant's stipulation to prior convictions because, "even if counsel had objected, the trial court would not have erred in admitting the testimony or evidence"); *see also Herring v. State*, 147 S.W.3d 390, 395–96 & n.19 (Tex. Crim. App. 2004) (explaining that trial court correctly concluded that, even assuming that trial court erred in admitting State's further references during trial to defendant's prior offense, any error was harmless because "[t]he jury would, of course, have been informed of the stipulation," and therefore, would have known the identity of the prior offense). In asking that the trial court prohibit the state from making *any* reference to the two prior convictions—even though they are elements of the charged offense—Lindgren's request goes beyond the bounds of a simple offer to stipulate, which would have been error to deny. *See Hollen*, 97 S.W.3d at 154 (citing *Robles v. State*, 85 S.W.3d 211, 213 (Tex. Crim. App. 2002), and *Tamez*, 11 S.W.3d at 201). The trial court's denial of the motion to exclude meant that the State could not use Lindgren's conditional stipulation before the jury; it needed to present evidence in its case-in-chief to prove Lindgren's two prior convictions.

*See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999) (observing, in DWI case, that "[t]he prior intoxication-related offenses are elements of the offense of driving while intoxicated [defined under section 49.09(b) of the Texas Penal Code]. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case in chief during the guilt-innocence stage of the trial.").[1]

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). While not the only way to prove a prior conviction, evidence of a certified copy of the final judgment and sentence is generally a "preferred and convenient means" of proof, *id.* at 921–22, which is what happened here. We hold that the trial court did not abuse its discretion in admitting the certified copies of the prior convictions.

---

[1] Lindgren does not appeal the trial court's ruling on his motion to exclude.

12

## Conclusion

We hold that legally sufficient evidence supports the judgment and that the trial court did not err in admitting evidence of Lindgren's two prior theft convictions. We therefore affirm the judgment of the trial court. All pending motions are dismissed as moot.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b)